UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH VICTOR MARTINEZ,<br>TDCJ No. 0623677,<br><br>    Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-21-CA-0373-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Joseph Victor Martinez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 11) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d) and § 2254. Petitioner is also denied a certificate of appealability.

### I. Background

In March 1992, Petitioner plead guilty to aggravated robbery with a deadly weapon and was sentenced to thirty-five years of imprisonment. *State v. Martinez*, No. 91-CR-3079A (227th Dist. Ct., Bexar Cnty., Tex. Mar. 26, 1992); (ECF No. 12-12 at 44-46).[1] Petitioner was incarcerated for this offense until October 22, 2015, when he was released from TDCJ custody to parole supervision. (ECF No. 12-11 at 12-15, 27).

---

[1] A history of any appeal proceedings from this conviction is unnecessary because Petitioner is not challenging his underlying conviction and sentence.

On May 5, 2017, a pre-revocation warrant issued for Petitioner's failure to abide by the terms of his probation—specifically, Petitioner's failure to reside in a specified, approved location and Petitioner's failure to abide by the rules of the halfway house to which he was assigned. (*Id.* at 21-27). Petitioner was notified of the allegations and his rights in the revocation process on December 21, 2018. (*Id.* at 9-11). That same day, Petitioner acknowledged notification of the allegations, admitted to the violations, and waived his right to a revocation hearing. (*Id.* at 6, 9-11). He was later returned to TDCJ custody when the Board of Pardons and Paroles (BPP) voted to revoke his parole on January 8, 2019. (*Id.* at 6, 27-28). Petitioner acknowledged receipt of the "Hearing/Waiver Results" form a day later on January 9, 2019. (*Id.* at 6, 29). Petitioner's subsequent motion to reopen his parole hearing was denied by the BPP on February 11, 2019, because Petitioner waived his right to a revocation hearing. (ECF No. 12-12 at 19).

On October 22, 2019, Petitioner filed a state habeas corpus application challenging the BPP's decision to revoke his parole. *Ex parte Martinez*, No. 90,829-01 (Tex. Crim. App.) (ECF No. 12-12 at 4-18). The Texas Court of Criminal Appeals later denied the application without written order on October 21, 2020. (ECF No. 12-1). Petitioner then filed the instant federal habeas petition on April 9, 2021. (ECF No. 1). In the § 2254 petition, Petitioner raise the same allegations concerning his parole revocation that were rejected by the state court during his state habeas proceedings: (1) he was forced to sign the waiver of the revocation hearing under duress, and (2) he was not appointed an attorney to represent him despite being on medication for A.H.A.D.D. Petitioner also challenges the constitutionality of the state habeas proceedings where he originally raised the above allegations, arguing that the failure to appoint an attorney to represent him violated his due process rights.

## II. Analysis

A.  **Petitioner's Parole Revocation** (Claims 1 and 2).

In his first two claims for relief, Petitioner argues that his due process right to a fair and impartial revocation hearing was violated when he was forced to waive his right to a revocation hearing under duress without the representation of counsel. In response, Respondent contends these allegations are barred by the one-year limitation period embodied in 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner essentially challenges the revocation of his parole due to what he perceives as due process violations. Thus, the proper inquiry is to determine when Petitioner could have discovered, through the exercise of due diligence, that his due process rights had been violated. The record indicates that Petitioner waived his right to revocation hearing on December 21, 2018, his parole was later revoked by the BPP on January 8, 2019, and that he received and signed a notice of the hearing results on January 9, 2019. As such, the latest Petitioner could have discovered the factual predicate for his claims would be January 9, 2019, the date he acknowledged receipt of his revocation proceeding results. The limitations period under § 2244(d) for filing a federal habeas petition therefore expired a year later on January 9, 2020. Because Petitioner did not file his § 2254 petition until April 9, 2021—fifteen months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

3

1. <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for his motion to reopen parole. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While Petitioner may argue that his motion to reopen the parole hearing filed with the BPP constitutes "other collateral review" under § 2244(d)(2), Texas law does not require a petitioner to file such a motion before he can file a state habeas application challenging parole revocation. *See* Tex. Gov't Code § 508.281(b) (not requiring that an inmate file a motion to reopen hearing or engage in any other administrative procedure before filing a state habeas application challenging parole revocation); *Bd. of Pardons and Paroles ex rel Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that parole revocation disputes must be brought through an application for writ of habeas corpus). Because nothing in Texas law requires a prisoner to file a motion to reopen a revocation hearing prior to filing a state habeas application, such a discretionary motion does not toll the limitations period of § 2254(d). *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (holding the

limitations period is not tolled while a petitioner pursues a state remedy that is unnecessary for filing a state habeas application challenging a parole denial).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the time his state habeas corpus application was pending. As discussed previously, Petitioner challenged the constitutionality of his parole revocation by filing a state habeas application on October 22, 2019, which was denied a year later by the Texas Court of Criminal Appeals on October 21, 2020. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 365 days, making his federal petition due Friday, January 8, 2021. Again, Petitioner did not file the instant § 2254 petition until April 9, 2021—still three months too late.

2. <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's Answer asserting untimeliness, and his § 2254 petition provides no argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of

5

a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner acknowledged the revocation of his parole on January 9, 2019, yet Petitioner did not execute his state habeas corpus application challenging the revocation until October 22, 2019, over nine months later. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Further, Petitioner fails to provide any legitimate reason why he waited over five months after the Texas Court of Criminal Appeals denied his state habeas application in October 2020 before filing the instant federal petition in this Court, much less attempt to establish that his claims could not have been discovered and presented earlier.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his claims challenging his parole revocation are untimely and barred by § 2244(d)(1).

**B.    Petitioner's State Habeas Proceeding (Claim 3).**

In his final allegation, Petitioner appears to challenge the decision of the Texas Court of Criminal Appeals to deny his state habeas application, arguing that the decision violated his due process rights because he was not given a hearing nor appointed an attorney to assist him. Such claims do not entitle a petitioner to relief because alleged errors or irregularities occurring in

state habeas proceedings do not raise cognizable claims for federal habeas relief. *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same). This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). For this reason, Petitioner's complaint concerning his state habeas corpus proceeding does not furnish a basis for federal habeas corpus relief.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by the three months. Furthermore, jurists of reason would not debate whether Petitioner's complaint concerning his state habeas corpus proceeding raised a cognizable claim for federal habeas relief. As such, a COA will not issue.

## IV. <u>Conclusion</u>

After careful consideration, the Court concludes that the claims raised in Petitioner's § 2254 petition challenging the revocation of his parole (Claims 1 and 2) are barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). The Court also concludes that Petitioner's remaining claim (Claim 3) fails to raise a cognizable claim for federal habeas relief. As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Joseph Victor Martinez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___7___ day of February, 2022.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE